# EXHIBIT   D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| TECHNOLOGY INNOVATIONS, LLC | § § | |
| Plaintiff, | § § | Case No. 2:10-CV-341-CEH-DNF |
| v. | § § | JURY DEMANDED |
| NSTEIN TECHNOLOGIES, INC., | § § | |
| Defendant. | § § | |

## PLAINTIFF TECHNOLOGY INNOVATIONS, LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT NSTEIN TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Technology Innovations, LLC ("TILLC"), by and through counsel, hereby provides its objections & answers to Defendant Nstein Technologies, Inc.'s ("Nstein") First Set of Interrogatories. TILLC reserves the right to supplement these responses should additional or different information become known to it, whether through discovery, further investigation, or otherwise.

## GENERAL OBJECTIONS

TILLC makes the following general objections to the interrogatories, whether or not separately set forth in response to each interrogatory:

1.  TILLC objects to the Definitions, the Instructions and the Interrogatories to the extent they request the discovery or disclosure of information that is immune from discovery, protected by the attorney-client privilege and/or work product doctrine, constitute trial preparation materials prepared in anticipation of litigation by or for TILLC or by or for any representatives of TILLC, including its attorney(s), consultant(s), employee(s), or agent(s), or which are otherwise protected from discovery pursuant to the Federal Rules of Civil Procedure,

1

future use of the information given in any response or each document produced in response to any request.

5. TILLC will provide its responses without prejudice to its right to produce evidence of any subsequently discovered fact or facts that it may later recall or discover. TILLC further reserves the right to change, amend, or supplement any or all of the matters contained in its responses as additional facts are ascertained, analyses are made, research is completed, and contentions are made.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For each claim of the PATENT-IN-SUIT which YOU contend is infringed, either directly or indirectly, by any ACCUSED INSTRUMENTALITY, for each word, term or phrase that that YOU believe needs to be construed from such claim, state YOUR proposed meaning and construction of each such word, term or phrase, state whether YOU contend that this is a special or uncommon meaning, state in detail the basis for each such proposed meaning and construction, and identify each item of evidence, both intrinsic and extrinsic, that supports YOUR construction; and, if YOU do not believe that the following specific words, terms or phrases need to be construed and should, instead, be given their ordinary meaning, so indicate: (a) "message," (b) "semantic model," (c) "message categories," (d) "sender," (e) "recipient," (f) "comparing the semantic model of the message with the semantic models for the plurality of message categories," (g) "classifying the message based on the comparison," (h) "determining if the message can be distributed to the recipient based on the classification of the message."

3

**RESPONSE:**

TILLC objects to Interrogatory No. 1 on the grounds that it requests the discovery or disclosure of information that is immune from discovery, protected by the attorney-client privilege and/or work product doctrine, and/or constitutes trial preparation materials prepared in anticipation of litigation by or for TILLC. TILLC further objects to this Interrogatory to the extent it calls for the disclosure of information that is the subject of expert testimony. TILLC further objects to Interrogatory No. 1 on the grounds that it consists of multiple subparts, and is therefore properly considered multiple interrogatories. TILLC objects to Interrogatory No. 1 on the grounds that it is premature. As Nstein has not provided TILLC with its noninfringement and invalidity contentions, TILLC cannot determine which terms may be in dispute or whether the parties interpret the claim language differently. Subject to and without waiving the foregoing specific and general objections, TILLC responds as follows:

TILLC provides its preliminary constructions to certain terms in claims 1 and 23. Nstein has not yet provided TILLC with its noninfringement and invalidity contentions. TILLC reserves the right to include or remove terms that need to be construed, and to amend, supplement, and revise its claim constructions. TILLC contends that each of its constructions of word, term, and phrase in the claims of the PATENT-IN-SUIT are consistent with their ordinary meanings.

(a) "message": data/information to be sent, such as a document, email, and the like.

(b) "semantic model": model of the "meaning" of the original message, as opposed to just the words in the message, constructed through at least the use of natural language processing, though other techniques may be used, as well.

(c) "message categories": categories of information of interest/relevance. The message categories may be extracted from text or provided by the user, or a combination of both.

(d) "sender": the source of the message.

(e) "recipient": the prospective target to receive the message.

(f) "comparing the semantic model of the message with the semantic models for the plurality of message categories": the word "comparing" needs no construction.

(g) "classifying the message based on the comparison": the word "classifying" means performing an identification of to which message category, if any, a message belongs.

(h) "determining if the message can be distributed to the recipient based on the classification of the message": controlling the flow of information into or out of a system, such as by a boundary controller.

These definitions are based on the claim language of the '613 patent, the specification, and the file history. TILLC reserves the right to rely upon extrinsic evidence. TILLC reserves the right to supplement or amend this response based on additional evidence, analysis, or investigation, or in response to any proof offered by Nstein.

**INTERROGATORY NO. 2**

For each claim of the PATENT-IN-SUIT which YOU contend is infringed, either directly or indirectly, by any ACCUSED INSTRUMENTALITY, identify the ACCUSED INSTRUMENTALITY and describe, in detail, (separately for each such ACCUSED INSTRUMENTALITY and each such claim, in claim-chart form) YOUR contention as to how such ACCUSED INSTRUMENTALITY infringes such claim, including where each element of each asserted claim is found or performed and, based on YOUR proposed constructions set out in

Office regarding Dr. Liddy's refusal to execute the inventor's declaration in the original application that led to the '613 patent. The Patent Office granted TILLC the right to pursue the prosecution of the application that led to the issuance of the '613 patent.

TILLC is therefore the owner by assignment of all right, title and interest in and to the '613 patent. The documents that reflect this include the '613 patent's file history and all attachments, declarations, and exhibits thereto, as well as Dr. Liddy's employment agreement with TextWise, LLC.

TILLC reserves the right to supplement or amend this response based on additional evidence, analysis, or investigation, or in response to any proof offered by Nstein.

Respectfully submitted,

Dated: May 11, 2011
By: /s/   John T. Polasek
John T. Polasek
State Bar. No. 16088590
tpolasek@pqelaw.com
C. Dale Quisenberry
State Bar No. 24005040
dquisenberry@pqelaw.com
Jeffrey S. David
State Bar No. 24053171
jdavid@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

Richard Johnston, Jr.
Florida Bar No. 0340995
Fowler White Boggs, P.A.
P.O. Box 1567
Fort Myers, FL 33902

17

Telephone: 239-334-7892
Facsimile: 239-334-3240
rjohnston@fowlerwhite.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served this 11th day of May, 2011, with a copy of this document via electronic mail only.

/s/ Jeffrey S. David