# EXHIBIT  E

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| TECHNOLOGY INNOVATIONS, LLC | § § § | |
| Plaintiff, | § | |
| vs. | § § | Case No. 2:10-cv-00341-CEH-DNF |
| NSTEIN TECHNOLOGIES, INC. and OPEN TEXT CORPORATION | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

### PLAINTIFF TECHNOLOGY INNOVATIONS, LLC'S FIRST AMENDED ANSWERS TO DEFENDANT NSTEIN TECHNOLOGIES, INC.'S INTERROGATORIES NOS. 1-3

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Technology Innovations, LLC ("Plaintiff" "or "TILLC"), by and through counsel, hereby provides its first amended answers to Defendant Nstein Technologies, Inc.'s ("Defendant's" or "Nstein's") Interrogatories Nos. 1-3. In providing the following amended answers, TILLC does not waive its original objections set forth in Plaintiff Technology Innovations, LLC's Responses and Objections to Defendant Nstein Technologies, Inc.'s First Set of Interrogatories. Furthermore, TILLC reserves the right to further amend and/or supplement the amended answers herein should additional or different information become known to it, whether through discovery, further investigation, or otherwise.

### GENERAL OBJECTIONS

TILLC makes the following general objections to the interrogatories, whether or not separately set forth in response to each interrogatory:

4.     TILLC's responses to the Interrogatories are not admissions or acknowledgements that the Interrogatories call for information that is relevant to the subject matter of this action. Each response is without prejudice to TILLC's right to contest at trial or any other subsequent proceeding in this action that a response (or the documents produced in response) to an interrogatory is inadmissible, irrelevant or immaterial. Further, each response is without prejudice to, and does not constitute a waiver of, any objection TILLC may make to any future use of the information given in any response or each document produced in response to any request.

5.     TILLC will provide its responses without prejudice to its right to produce evidence of any subsequently discovered fact or facts that it may later recall or discover. TILLC further reserves the right to change, amend, or supplement any or all of the matters contained in its responses as additional facts are ascertained, analyses are made, research is completed, and contentions are made.

**OBJECTIONS AND AMENDED ANSWERS TO INTERROGATORIES NOS. 1-3**

<u>**INTERROGATORY NO. 1**</u>:

For each claim of the PATENT-IN-SUIT which YOU contend is infringed, either directly or indirectly, by any ACCUSED INSTRUMENTALITY, for each word, term or phrase that that YOU believe needs to be construed from such claim, state YOUR proposed meaning and construction of each such word, term or phrase, state whether YOU contend that this is a special or uncommon meaning, state in detail the basis for each such proposed meaning and construction, and identify each item of evidence, both intrinsic and extrinsic, that supports YOUR construction; and, if YOU do not believe that the following specific words, terms or phrases need to be construed and should, instead, be given their ordinary meaning, so indicate:

(a) "message," (b) "semantic model," (c) "message categories," (d) "sender," (e) "recipient," (f) "comparing the semantic model of the message with the semantic models for the plurality of message categories," (g) "classifying the message based on the comparison," (h) "determining if the message can be distributed to the recipient based on the classification of the message."

**OBJECTIONS:**

TILLC objects to Interrogatory No. 1 on the grounds that it requests the discovery or disclosure of information that is immune from discovery, protected by the attorney-client privilege and/or work product doctrine, and/or constitutes trial preparation materials prepared in anticipation of litigation by or for TILLC. TILLC further objects to this Interrogatory to the extent it calls for the disclosure of information that is the subject of expert testimony. TILLC further objects to Interrogatory No. 1 on the grounds that it consists of multiple subparts, and is therefore properly considered multiple interrogatories. Subject to and without waiving the foregoing specific and general objections, TILLC responds as follows:

**FIRST AMENDED ANSWER TO INTERROGATORY NO.1:**

TILLC provides its amended proposed constructions to certain terms in claims 1 and 23. As the case proceeds, the parties will continue to discuss which claim terms have agreed definitions, and also whether particular terms require construction. TILLC reserves the right to include or remove any terms that need to be construed, and to amend, supplement, and revise its proposed claim constructions.

TILLC contends that each of the words, terms and phrases identified by Nstein in Interrogatory No. 1 by letters (a) through (h) ("terms") should be construed by the Court based on the intrinsic evidence for the '613 patent, including the claim language itself, the specification and the prosecution history, as well as any relevant extrinsic evidence, such as dictionary

definitions. Those terms, as well as additional terms that Plaintiff submits should be construed, are identified below, along with Plaintiff's proposed constructions and illustrative intrinsic and extrinsic evidence:

The term "*distribution*" as used in the '613 patent claims should be construed to mean: "*Electronic transmission.*"

Intrinsic and extrinsic evidence that supports Plaintiff's proposed construction includes:
The '613 patent (1:44-48, 3:20-22 and 4:21-25); and Appendix A, "GUARD-IT" Document, Section G, heading 2 ¶ ¶1 and 2.

The term "*message*" as used in the '613 patent claims should be construed to mean: "*An electronically stored item that holds information and is capable of being transmitted electronically. The message can have a variety of different forms, including, for example, a document, a web page, or an E-mail message.*"

Intrinsic and extrinsic evidence that supports Plaintiff's proposed construction includes:
The '613 patent (1:41-47, 1:49-53, 2:8-14, 5:59-64, 6:2-5, 7:54-67, 8:3-5 and 12:6-9); Appendix A, "GUARD-IT" Document, Section F Task 3.1; Microsoft Computer Dictionary, p. 304 (3rd Ed., 1997); Microsoft Computer Dictionary, p. 287 (4th Ed., 1999); The IEEE Standard Dictionary of Electrical and Electronics Terms, p. 647 (6th Ed., 1996); and Merriam Webster's Collegiate Dictionary, p. 728 (10th Ed., 2000).

The term "*sender*" as used in the '613 patent claims should be construed to mean: "*A source of a message being transmitted.*"

Intrinsic and extrinsic evidence that supports Plaintiff's proposed construction includes:
The '613 patent (2:8-14 and 4:21-25); Microsoft Computer Dictionary, p. 428 (3rd Ed., 1997); Microsoft Computer Dictionary, p. 402 (4th Ed., 1999); The IEEE Standard Dictionary of Electrical and Electronics Terms, p. 965 (6th Ed., 1996); and Merriam Webster's Collegiate Dictionary, p. 1062 (10th Ed., 2000).

The term "*recipient*" as used in the '613 patent claims should be construed to mean: "*A destination or prospective target for a message being transmitted.*"

Intrinsic and extrinsic evidence that supports Plaintiff's proposed construction includes: The '613 patent (2:8-14) and Merriam Webster's Collegiate Dictionary, p. 973 (10th Ed., 2000).

The term *"semantic model"* as used in the '613 patent claims should be construed to mean: *"A semantic representation of a message or message category that includes text other than words contained in the message or the message category."*

Intrinsic and extrinsic evidence that supports Plaintiff's proposed construction includes:

The '613 patent (Figures 4 and 5, 3:37-38, 6:2-4, 6:18-19, 6:30-32, 6:53-65, 7:20-24, 7:28-42, 7:48-50, 8:9-16, 9:38-58, 10:28-34, 11:49-52, 12:19-23, 14:3-5, 14:38-40 and 14:42-44); U.S. Patent No. 6,076,088 (the '088 patent) (6:6-35, 6:38-39, 9:52-62, 10:17-22, 13:28-14:46, 20:58-21:18 and 21:32-34.

The term *"message categories"* as used in the '613 patent claims should be construed to mean: *"Categories of information designed to identify a message, alone or in conjunction with other message categories."*

Intrinsic and extrinsic evidence that supports Plaintiff's proposed construction includes:

The '613 patent (Figure 4, 3:4-8, 3:13-16, 5:59-64, 5:67-6:2, 6:37-41, 6:41-43, 6:43-50, 6:51-52, 8:26-29, 8:29-30, 9:38-58, 10:59-65, 11:1-2, 11:8-14, 12:23-26, 12:42-47, 13:13-21 and 13:21-23.

The term *"comparing"* as used in the '613 patent claims needs no construction. But, to the extent the term is construed by the Court, it should be construed to mean *"examining two or more objects for similarities."*

Intrinsic and extrinsic evidence that supports Plaintiff's proposed construction includes:

The '613 patent (Abstract, 2:66-67, 6:4-8, 6:8-10, 8:16-21, 8:31-33, 9:38-58, 12:35-39 and 14:1-5).

The term *"classifying the message based on the comparison"* as used in the '613 patent means *"identifying to which message category, if any, a message belongs, using the comparison of semantic models (directly or indirectly)."*

6

The '613 patent (Abstract, Figure 3, 1:44-47, 3:4-8, 3:13-16, 3:24-27, 5:59-63, 8:22-26, 8:29-30, 8:31-40, 10:18-20, 10:35-41, 12:42-46, 13:5-9, 13:65-67, 15:1-4 and 15:4-6; and Merriam Webster's Collegiate Dictionary, p. 211 (10th Ed., 2000).

The term *"determining if the message can be distributed to the recipient based on the classification of the message"* as used in the '613 patent claims means *"determining if the message is capable of being distributed to the recipient based at least in part on the classification of the message."*

The '613 patent (Abstract, Figure 3, 2:62-65, 3:10-13, 3:13-16, 5:59-64, 6:10-14, 9:59-63, 9:63-65, 9:65-67 and 12:50-56); and Merriam Webster's Collegiate Dictionary, pp. 315, 337-38 (10th Ed., 2000).

TILLC reserves the right to supplement or amend this response based on additional evidence, analysis, or investigation, or in response to any proof offered by Nstein.

### INTERROGATORY NO. 2

For each claim of the PATENT-IN-SUIT which YOU contend is infringed, either directly or indirectly, by any ACCUSED INSTRUMENTALITY, identify the ACCUSED INSTRUMENTALITY and describe, in detail, (separately for each such ACCUSED INSTRUMENTALITY and each such claim, in claim-chart form) YOUR contention as to how such ACCUSED INSTRUMENTALITY infringes such claim, including where each element of each asserted claim is found or performed and, based on YOUR proposed constructions set out in response to the previous interrogatory, how the ACCUSED INSTRUMENTALITY meets each such element, and including any and all facts and reasons supporting YOUR infringement contention, the identity of any and all documents supporting YOUR infringement contentions and whether the alleged infringement is literal or pursuant to the doctrine of equivalents.

**OBJECTION:**

TILLC objects to Interrogatory No. 2 on the grounds that it requests the discovery or disclosure of information that is immune from discovery, protected by the attorney-client privilege and/or work product doctrine, and/or constitutes trial preparation materials prepared in anticipation of litigation by or for TILLC. TILLC further objects to this Interrogatory as being premature and to the extent it calls for the disclosure of information that is the subject of expert testimony. Subject to and without waiving the foregoing specific and general objections, TILLC responds as follows:

**FIRST AMENDED ANSWER TO INTERROGATORY NO. 2:**

Based on information available to Plaintiff TILLC, including documents produced to TILLC by Nstein in response to TILLC's requests for production, TILLC contends that at least claims 1 and 23 of U.S. Patent No. 6,829,613 ("the '613 patent") are infringed by Nstein and its parent company, Open Text Corporation. As of this time, Nstein's production is deficient, and it has still not produced sufficient documents describing the ACCUSED PRODUCTS. For example, Nstein has not produced many of the documents in its possession that describe "Semantic Site Search (3S)," which is also named "Semantic Navigation." In the meantime, the attached Exhibits "E" and "F" describe in detail where each limitation of claims 1 and 23 (based on Plaintiff's proposed claim constructions set forth in its first amended answer to Interrogatory No. 1) is found in at least one of the ACCUSED PRODUCTS, i.e., Digital Asset Management ("DAM"), and the use of such ACCUSED PRODUCT ("DAM").

TILLC contends that each claim limitation is met literally, and if not met literally then it is met under the doctrine of equivalents. It is expected that the same facts upon which TILLC's literal infringement claim is based will also form the basis of TILLC's doctrine of equivalents

claim, as any differences between the limitations of the asserted claims and the accused products are insubstantial. TILLC reserves the right to supplement or amend this response based on additional evidence, analysis, or investigation, or in response to any proof offered by Nstein.

**INTERROGATORY NO. 3**

For each claim of the PATENT-IN-SUIT which YOU contend is infringed, either directly or indirectly, by any ACCUSED INSTRUMENTALITY, state YOUR contention as to the dates of conception and reduction to practice of the subject matter of such claim, whether reduction to practice was actual or constructive, and, if YOU contend that the dates of conception and reduction to practice are other than the same date, state the specific time periods during which diligence toward reduction to practice existed, and provide the full factual and legal basis for YOUR contentions, including an identification of all documents corroborating such conception, diligence and reduction to practice and an identification of the name, present or last known address, and the last known title and place of employment of each Person with knowledge of such conception and all information each Person has RELATING TO such conception.

**OBJECTION:**

TILLC objects to Interrogatory No. 3 on the grounds that it requests the discovery or disclosure of information that is immune from discovery, protected by the attorney-client privilege and/or work product doctrine, and/or constitutes trial preparation materials prepared in anticipation of litigation by or for TILLC. TILLC further objects to Interrogatory No. 3 on the grounds that it consists of multiple subparts, and is therefore properly considered multiple interrogatories. TILLC still further objects to Interrogatory No. 3 on the grounds that it requires it to identify documents not currently in its possession, custody, or control. Subject to and without waiving the foregoing specific and general objections, TILLC responds as follows:

## VERIFICATION

I, Michael Weiner, declare:

    I am CEO and Managing Member of Technology Innovations, LLC, the plaintiff in the above-captioned lawsuit.  The information contained in PLAINTIFF TECHNOLGOY INNOVATIONS, LLC'S FIRST AMENDED ANSWERS TO DEFENDANT NSTEIN TECHNOLOGY, INC.'S INTERROGATORIES NOS. 1-3 is true and correct to the best of my knowledge, information, and belief.
    I declare under penalty of perjury under the laws of the State of Texas and the United States that the foregoing is true and correct.

Executed this 5th day of July, 2012.

                                                                           Michael Weiner

                                        Respectfully submitted,

Dated: July 5, 2012              By:  /s/ Douglas H. Elliott
                                              Douglas H. Elliott
                                              LEAD COUNSEL
                                              Texas Bar No. 06535900
                                              (Admitted Pro Hac Vice)
                                              delliott@pqelaw.com
                                              John T. Polasek
                                              Texas Bar. No. 16088590
                                              (Admitted Pro Hac Vice)
                                              tpolasek@pqelaw.com
                                              C. Dale Quisenberry
                                              Texas Bar No. 24005040
                                              (Admitted Pro Hac Vice)
                                              dquisenberry@pqelaw.com
                                              Jeffrey S. David
                                              Texas Bar No. 24053171
                                              (Admitted Pro Hac Vice)
                                              jdavid@pqelaw.com
                                              **POLASEK, QUISENBERRY & ERRINGTON, L.L.P.**
                                              6750 West Loop South, Suite 920
                                              Bellaire, Texas 77401
                                              Telephone: (832) 778-6000
                                              Facsimile: (832) 778-6010

                                              Richard Johnston, Jr.
                                              Florida State Bar No. 0340995
                                              richard.johnston@jcbizlaw.com
                                              **JOHNSTON CHAMPEAU, LLC.**
                                              7370 College Parkway, Suite 101
                                              Fort Myers, FL 33907
                                              Telephone: (239) 600-6200
                                              Facsimile: (239) 334-3240

                                              *COUNSEL FOR PLAINTIFF*
                                              *TECHNOLOGY INNOVATIONS, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served this 5th day of July, 2012, with a copy of this document via electronic mail and facsimile.

/s/ Douglas H. Elliott

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the following counsel of record is also being served this 6th day of July, 2012, with a copy of this document via hand delivery.

Scott Crocker, Esq.
SPRINKLE IP LAW GROUP, PC
1301 W. 25th Street
Suite 408
Austin, Texas 78705

Douglas H. Elliott