UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TECHNOLOGY INNOVATIONS, LLC,

    Plaintiff,

v.                                           Case No:  2:10-cv-341-FtM-38DNF

NSTEIN TECHNOLOGIES, INC. and
OPEN TEXT CORPORATION,

    Defendants.
_____/

# ORDER[1]

This matter comes before the Court on Plaintiff Technology Innovations, LLC's Opposed Motion to Substitute Semantic Concepts, Inc. for Technology Innovations, LLC (Doc. #179) filed on January 19, 2015. Defendants Nstein Technologies, Inc. and Open Text Corporation filed a response in opposition on February 5, 2015. (Doc. #180). This matter is ripe for review.

This is a patent infringement case. Plaintiff Technology Innovations, LLC assigned all of its rights under the '613 patent, the patent at issue in this case, to Semantic Concepts, Inc. (Doc. #179-1; Doc. #179-2). Pursuant to Rule 25(c) Technology Innovations moves to substitute the new owner, Semantic Concepts, in place of itself in this action. Fed. R. Civ. P. 25(c) ("If an interest is transferred, the action may be continued

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.").

Technology Innovations argues if the substitution is granted, then the action will remain unaffected. Semantic Concepts will seek the same relief sought by Technology Innovations and will assume the position currently held by Technology Innovations. In addition, Defendants Nstein Technologies, Inc. and Open Text Corporation may assert the same defenses against Semantic Concept as they have asserted against Technology Innovations.

In response, Nstein Technologies and Open Text oppose substitution but do not oppose joinder. Nstein Technologies and Open Text have asserted counterclaims against Technology Innovations based on Technology Innovation's actions, including its actions in this litigation. As a result, the defendants argue there is no evidence demonstrating that Technology Innovations has assigned its potential liability as it relates to the counterclaims asserted against it to Semantic Concepts. The defendants argue if Technology Innovations is dismissed from this case then it could avoid liability as it relates to the counterclaims. In addition, the defendants argue substitution will lead to significant discovery issues and inconvenience the litigation.

Upon consideration, the Court will use its discretion to deny the motion. Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 610 (11th Cir. 1984) ("The decision whether to allow substitution is discretionary."). This five year old case is too old to be disrupted now. In addition, the Court is unwilling to chance uprooting the counterclaims against Technology Innovations without addressing the merits of the counterclaims. As a result, the Court finds a substitution would be highly disruptive of the

orderly administration of the litigation. See id. The interest of justice can best be served by having the original party continue as the plaintiff in this case. Barker v. Jackson Nat. Life Ins. Co., 163 F.R.D. 364, 366 (N.D. Fla. 1995). No entity will be prejudiced by the Court's decision. For example, Semantic Concepts would have sought the same relief. In addition, "[e]ven if not named, successors in interest are bound by the judgment; therefore, substitution of parties pursuant to Rule 26(c) is never mandatory." Id.

Accordingly, it is now

**ORDERED:**

Plaintiff Technology Innovations, LLC's Opposed Motion to Substitute Semantic Concepts, Inc. for Technology Innovations, LLC (Doc. #179) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of March, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record